UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. |
| TWENTY-FOUR THOUSAND, SEVEN HUNDRED FIFTY-ONE DOLLARS ($24,751.00) U.S. CURRENCY, | ) |
| Defendant. | ) |

**VERIFIED COMPLAINT OF FORFEITURE**

Comes now plaintiff, United States of America, by and through its attorneys, Richard G. Callahan, United States Attorney for the Eastern District of Missouri, and Julia M. Wright, Assistant United States Attorney, for said district, and in a civil cause of action for forfeiture respectfully states as follows:

1. In this *in rem* civil action the United States seeks forfeiture of certain property, currently in the possession and custody of the plaintiff pursuant to the provisions of Title 21, United States Code, Section 881.

2. Subject Matter Jurisdiction of this Court is based on Title 28, United States Code, Sections 1345, 1355(a), and Title 21, United States Code, Section 881. *In rem* jurisdiction is based on Title 28, United States Code, Section 1355. Venue is proper in this district pursuant to Title 28, United States Code, Sections 1355 & 1395 and Title 21, United States Code, Section 881(j).

3. The defendant property was furnished or intended to be furnished in exchange for controlled substances in violation of the Controlled Substances Act, Title 21, United States Code,

Section 801 *et seq.*, was proceeds traceable to such an exchange, and was used or intended to be used to facilitate such an exchange. The defendant property is therefore subject to forfeiture to the United States of America, under the provisions of Title 21, United States Code, Section 881(a)(6).

4. The defendant property was seized in the Eastern District of Missouri and is now, and during the pendency of this action will be in the jurisdiction of this court.

5. On or about March 23, 2011, the defendant currency ($24,751.00) was seized from Bruce Rossignol and Keri Brackoneski by the St. Charles County Sheriff's Department. On April 8, 2011, the Drug Enforcement Administration adopted the seizure pursuant to an Order of Transfer from the Circuit Court of St. Charles County, Missouri. The plaintiff alleges the defendant property is subject to forfeiture and for its reasons states as follows:

6. On or about March 23, 2011, a St. Charles County Sheriff's Department Deputy conducted a vehicle stop of a 1997 Lincoln Town Car Limousine on Interstate 70 for traffic violations. As the deputy approached the vehicle, he noticed the rear license plate had expired in February, 2011. The deputy made contact with the occupants of the vehicle and identified the driver as Bruce Rossignol, who produced a California drivers license. After advising Rossignol of the violations, the deputy noticed that there was an odor of marijuana inside the vehicle. The deputy asked if there was any marijuana in the vehicle. Rossignol stated to the deputy that there was not. The deputy then asked Rossignol to meet him at the rear of the vehicle with his registration and insurance, to which he complied. While reviewing the documents the deputy asked about his recent travels. Rossignol stated he had taken a road trip to Chicago and was currently on his way back to California.

7. After speaking with Rossignol, the deputy went and spoke to the passenger, who identified herself as Keri Brackoneski and produced a Connecticut drivers license. Upon being asked by the deputy, Brackoneski stated that she did not have any marijuana in the vehicle. Brackoneski told the deputy that they had gone to Connecticut to visit Rossignol's mother whom recently had a double leg amputation. Brackoneski stated that she lived in California. When the deputy asked if there were any other reason for their travel, she said, "no."

8. The deputy subsequently went back to Rossignol and asked if he had visited anyone for any medical condition or gone any further east than Missouri. He said they were only traveling in a loop around Chicago and then were heading back to California.

9. A nearby deputy stopped to assist at the scene. The deputy who conducted the stop asked for consent to search the vehicle, however Rossignol refused. The deputy advised Rossignol he was going to conduct an open-air exterior canine sniff of the vehicle. Rossignol expressed his refusal to the deputy. The deputy subsequently informed him that he had probable cause to do an open-air exterior canine search of the vehicle. Upon being asked by the deputy, Rossignol retrieved his own dog from the vehicle. Brackoneski also exited the vehicle to stand next to Rossignol. While walking around the exterior of the vehicle, the canine gave a positive alert to the rear door seam.

10. Based upon the odor of marijuana, the positive alert by the canine, and the inconsistent stories of the occupants of the vehicle, the deputies began a probable cause search of the vehicle. Brackoneski came back to the vehicle to tell the officers they needed to search faster and everything was unlawful. She then got into the vehicle to retrieve her purse, and then walked back to Rossignol. The officers located small pieces of marijuana and two containers which

smelled of raw marijuana. A deputy also located numerous receipts that indicated they had been in New Jersey, New York, and Delaware on March 21, 2011, which contradicted what Rossignol had previously indicated. One of the deputies asked Brackoneski for consent to search her purse. She opened it, and the deputy observed a large clear bag of United States currency. The deputy retrieved it and asked where the money had came from. Brackoneski stated Rossignol was a millionaire and had a lot of money. The subjects were detained for suspicion of drug possession.

11. The subjects were advised of their miranda rights per departmental form. Both Rossignol and Brackoneski agreed to waive their rights and make verbal and written statements. Brackoneski said there was about $20,000.00 in her purse from the sale of marijuana. She went on to state she had $1,000.00 that was separate, which she was allowed to retain. Rossignol stated that he had approximately $20,000.00 in the vehicle. He went on to state that he had a small business and was selling marijuana in different places around the country. Both subjects signed a disclaimer to the currency, and were released pending further investigation.

12. The only persons known to have any possible interests in the defendant property are Bruce Rossignol and Keri Brackoneski.

13. By reason of these premises, the defendant property is subject to forfeiture to the United States, pursuant to the provisions of Title 21, United States Code, Section 881.

WHEREFORE, Plaintiff prays that a Warrant for Arrest be issued for the defendant property and the defendant property be condemned and forfeited to the United States of America,

in accordance with the provisions of law; and that the plaintiff be awarded its costs in this action, and have such other relief as provided by law and the nature of the case may require.

Respectfully submitted,

RICHARD G. CALLAHAN
United States Attorney


*/s/ Julia M. Wright*
JULIA M. WRIGHT, 4450
Assistant United States Attorney
111 South Tenth Street, 20th Floor
St. Louis, Missouri 63102
(314) 539-2200

## VERIFICATION

I, Special Agent Sean Kassouf, hereby verify and declare under penalty of perjury that I am a Special Agent with the United States Drug Enforcement Administration, that I have read the foregoing Verified Complaint *in rem* and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent of the Drug Enforcement Administration.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: ___9-28-11___
               (date)

_____
SEAN KASSOUF
Special Agent
Drug Enforcement Administration